**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)**

| | |
|---|---|
| IN RE:<br>**TIMOTHY GLENN**<br>　　　　　　　　Debtor | BK. No. 18-14510-elf<br><br>Chapter No. 13 |
| **WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR HILLDALE TRUST**<br>　　　　　　　　Movant<br>　　v.<br>**TIMOTHY GLENN**<br>　　　　　　　　Respondent | 11 U.S.C. §362 |

**ORDER MODIFYING SECTION 362 AUTOMATIC STAY**

**AND NOW**, this 13th day of August, 2020, after Notice of Default and the filing of a Certification of Default under the parties' prior Stipulation, it is

**ORDERED:** that Movant shall be permitted to reasonably communicate with Debtor(s) and Debtor's counsel to the extent necessary to comply with applicable nonbankruptcy law; and it is further;

**ORDERED** that Relief from the Automatic stay of all proceedings, as provided under 11 U.S.C. §362 is granted with respect to, 1116 WEST SOMERSET STREET, PHILADELPHIA, PA 19133-1219(hereinafter the Premises) (as more fully set forth in the legal description attached to the Mortgage of record granted against the Premises), as to allow Movant, its successors or assignees, to proceed with its rights under the terms of said Mortgage; and it is further;

**ORDERED** that Rule 4001(a)(3) is not applicable and **WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR HILLDALE TRUST** may immediately enforce and implement this Order granting Relief from the Automatic Stay ; and it is further;

**ORDERED** that FEDERAL RULE OF BANKRUPTCY PROCEDURE 3002.1 is no longer applicable to Movant, its successors or assignees.

_____
**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**